A UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEMOCRACY FORWARD FOUNDATION,

       Plaintiff,

       v.

U.S. DEPARTMENT OF JUSTICE,

       Defendant.

Civil Action No. 26-cv-1206 (DLF)

**ANSWER**

Defendant U.S. Department of Justice ("DOJ"), by and through undersigned counsel, respectfully submit this Answer to the Amended Complaint (ECF No. 8) (the "Complaint") filed by Democracy Forward Foundation ("DFF"), under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials in this response. However, Defendant's references are not intended to be, and should not be construed as, an admission that the cited materials are correctly cited or quoted by Plaintiff; relevant to this, or any other, action; or admissible in this, or any other, action. Defendant responds to the Complaint in corresponding, numbered paragraphs as follows:

**RESPONSE TO UNNUMBERED PARAGRAPH**

This paragraph contains Plaintiff's characterization of this action, to which no response is required.

**RESPONSE TO NUMBERED PARAGRAPHS**

## JURISDICTION AND VENUE[1]

1.      Paragraph 1 consists of Plaintiff's legal conclusion regarding jurisdiction, to which no response is required.  To the extent a response is deemed required, Defendant admits that jurisdiction is proper in this judicial district subject to terms, conditions and limitations of the FOIA.

2.      Paragraph 2 consists of Plaintiff's legal conclusion regarding venue, to which no response is required.  To the extent that a response is deemed required, Defendant admits that venue is proper in this judicial district for actions brought under the FOIA.

## PARTIES

3.      Paragraph 3 consists of Plaintiff's characterization of itself. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

4.      Defendant admits that the Department of Justice ("DOJ") is a federal agency within the meaning of FOIA headquartered in Washington, D.C., and the Civil Rights Division ("CRT"), a component of DOJ, is subject to FOIA. The remaining allegations assert conclusions of law to which no response is required.

## FACTS

5.-9.    Paragraphs 5-9 do not set forth claims of relief or aver facts in support of a claim under FOIA, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

---

[1]      For ease of reference, Defendant reproduces here the headings contained in the Complaint. To the extent these headings could be construed to contain factual allegations, those allegations are denied.

10.     Paragraph 10 consists of Plaintiff's legal conclusions and opinions of Plaintiff, to which no response is required. To the extent a response is deemed required, Defendant denies all allegations in this paragraph.

*Kurt Olsen Communications Request*

11.     Defendant admits that it received a FOIA request from Plaintiff dated November 12, 2025, via DOJ's National FOIA Portal, a time when CRT's FOIA offices were closed  due to the government furlough. Defendant refers the Court to that request for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that request.

12.     Defendant refers the Court to the request for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that request.

13.     Defendant admits that it acknowledged receipt of Plaintiff's FOIA request on April 10, 2026 and assigned the request tracking number 26-00056-F.  Defendant refers the Court to that acknowledgment for a complete and accurate statement of its contents.

*MOU Request (26-00256-F)*

14.     Defendant admits that it received a FOIA request from Plaintiff dated February 6, 2026, via DOJ's National FOIA Portal and refers the Court to that request for a complete and accurate statement of its contents.  Defendant denies the allegations in this paragraph to the extent inconsistent with the content of that request.

15.     Defendant efers the Court to the request for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that request.

16. Defendant admits that it acknowledged receipt of Plaintiff's FOIA request on March 19, 2026 and assigned the request tracking number 26-00256-F. Defendant refers the Court to the acknowledgment for a complete and accurate statement of its contents.

17. Defendant denies the allegations in this paragraph. Defendant avers that, by email dated April 15, 2026, to foia@democracyforward.org, Defendant provided a status update regarding an extension of the requested date ranges for all four FOIA requests included in this litigation.

*Eric Neff Request*

18. Defendant admits that it received a FOIA request from Plaintiff dated February 6, 2026, via DOJ's National FOIA Portal and respectfully refers the Court to that request for a complete and accurate statement of its contents. Defendant denies the allegations in this paragraph to the extent inconsistent with the content of that request.

19. Defendant refers the Court to the request for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that request.

20. Defendant admits that it acknowledged receipt of Plaintiff's FOIA request on February 24, 2026 and assigned the request tracking number 26-00257-F. Defendant refers the Court to that acknowledgment for a complete and accurate statement of its contents.

21. Defendant denies the allegations in this paragraph. Defendant avers that, by email dated April 15, 2026, to foia@democracyforward.org, Defendant provided a status update regarding an extension of the requested date ranges for all four FOIA requests included in this litigation.

*External Communications Request (26-00258-F)*

- 4 -

22.     Defendant admits that it received a FOIA request from Plaintiff on February 6, 2026, via DOJ's National FOIA Portal and refers the Court to that request for a complete and accurate statement of its contents.  Defendant denies the allegations in this paragraph to the extent inconsistent with the content of that request.

23.     Defendant refers the Court to the request for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that request.

24.     Defendant admits that it acknowledged receipt of Plaintiff's FOIA request on February 24, 2026 and assigned the request tracking number 26-00258-F.  Defendant refers the Court to that acknowledgment for a complete and accurate statement of its contents.

25.     Defendant denies the allegations in this paragraph. Defendant avers that, by email dated April 15, 2026, to foia@democracyforward.org, Defendant provided a status update regarding an extension of the requested date ranges for all four FOIA requests included in this litigation.

26.     Regarding the first two sentences of this paragraph, Defendant admits that it received a follow-up letter from Plaintiff on April 8, 2026, that is attached to the Complaint, requesting expedited processing. Defendant denies that Plaintiff established a basis for expedited processing and denies that all FOIA requests referenced in the April 8, 2026 letter are the subject of this litigation.  Regarding the third sentence of this paragraph, Defendant admits that a determination on the expedited processing request had not been issued as of the filing date of the Complaint but denies any implication in this paragraph that Defendant had not referenced that request in communications with Plaintiff prior to the filing of the Complaint.

*Exhaustion of Administrative Remedies*

27.     This paragraph consists of Plaintiff's characterization of this action and legal conclusions, to which no response is required. To the extent that a response is deemed required, Defendant admits that, as of the filing date of the Complaint, a final determination regarding the four FOIA requests at issue and the request for expedited processing as it relates to those four requests had not been made.  Defendant denies any implication in this paragraph of a violation of FOIA

## CLAIM FOR RELIEF

### Count 1 (Violation of FOIA, 5 U.S.C. § 552)

28.     Defendant realleges and incorporates by reference all of the proceeding paragraphs of this Answer as though fully set forth herein.

29.     This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent that a response is deemed required, the allegations are denied.

### Count 2 (Violation of FOIA, Failure to Grant Expedited Processing, 5 U.S.C. § 552, 28 C.F.R. § 16.5(e)(1)(iv)), 28 C.F.R. § 16.5(e)(1)(ii)

30.     Defendant realleges and incorporates by reference all of the proceeding paragraphs of this Answer as though fully set forth herein.

31.     This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent that a response is deemed required, the allegations are denied. .

32.     This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations in this paragraph.

## REQUEST FOR RELIEF

The remainder of the Complaint consists of Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested.  Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant asserts a general denial as to those allegations that are contained in the Complaint that are not specifically admitted herein.

## DEFENSES

Any allegations not specifically admitted, denied, or otherwise responded to are hereby denied.  Defendant respectfully reserves the right to amend, alter, and supplement the defenses contained in this Answer as to the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation. Defendant does not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law. In further response to the Complaint, Defendant raises the following defenses.

## FIRST DEFENSE

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA, the Privacy Act, 5 U.S.C. § 552a, or other applicable law.

## SECOND DEFENSE

The Court lacks subject matter jurisdiction to award relief that exceeds that authorized by the FOIA, including but not limited to declaratory relief.  *See* 5 U.S.C. § 552(a)(4)(B).

## THIRD DEFENSE

The Department has not improperly withheld records requested by Plaintiff under the FOIA.  5 U.S.C. § 552.

## FOURTH DEFENSE

Plaintiff is neither eligible for nor entitled to attorneys' fees or costs.

## FIFTH DEFENSE

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the requests at issue, including in paragraphs 5-9, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim.  The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See, e.g., Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at \*3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at \*11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

## SIXTH DEFENSE

Plaintiff's claims should be dismissed to the extent Plaintiff's FOIA requests fail to reasonably describe the records sought or would be unduly burdensome to process.

## SEVENTH DEFENSE

Plaintiff has failed to state a claim based on the FOIA request attached to the Complaint at ECF No. 8, ECF pp. 42-46.

Dated:  June 8, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


By:    /s/ Derrick A. Petit
Derrick A. Petit, D.C. Bar 144466
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-7269
Derrick.Petit@usdoj.gov


*Attorneys for the United States of America*